# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 29, 2024

```
* * * * * * * * * * * * *
HELENA JOHNSON,              *       UNPUBLISHED
                            *
          Petitioner,        *       No. 20-1030V
                            *
     v.                      *       Special Master Dorsey
                            *
SECRETARY OF HEALTH          *       Attorneys' Fees and Costs.
AND HUMAN SERVICES,          *
                            *
          Respondent.        *
                            *
* * * * * * * * * * * * *
```

David John Carney, Green & Schafle LLC, Philadelphia, PA, for Petitioner.
Catherine Elizabeth Stolar, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 17, 2020, Helena Johnson ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on October 9, 2017. Petition at Preamble (ECF No. 1). On October 22, 2020, Petitioner filed an amended petition alleging that her October 9, 2017 flu vaccination caused her to develop the "Table injury of brachial neuritis and/or brachial plexus" or, in the alternative, a Table SIRVA. Amended ("Am.") Petition at 1, 6 (ECF No. 14). On November 17, 2023, the undersigned issued a ruling

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

finding Petitioner entitled to compensation based on Respondent's concession that Petitioner suffered a Table SIRVA. Ruling on Entitlement dated Nov. 17, 2022 (ECF No. 74); see also Respondent's Am. Report (ECF No. 73) (conceding entitlement); Damages Order dated Nov. 17, 2023 (ECF No. 75). On December 20, 2023, the undersigned issued a Decision Awarding Damages Based on Proffer, awarding Petitioner compensation. Decision Awarding Damages Based on Proffer dated Dec. 20, 2023 (ECF No. 81).

On February 7, 2024, Petitioner filed an application for attorneys' fees and costs. Petitioner's Application for Attorneys' Fees and Costs ("Pet. Mot."), filed Feb. 7, 2024 (ECF No. 85). Petitioner requests compensation in the amount of $67,451.54, representing $50,020.50 in attorneys' fees and $17,431.04 in attorneys' costs. Id. at 3-4. Petitioner also requests $3,867.00 ($3,809.50 in fees and $57.50 in costs) payable to Petitioner and the Larkin Hoffman Law Firm and $1,785.00 in fees payable to Petitioner and SiebenCarey, P.A. Id. at 4. Pursuant to General Order 9, Petitioner has not incurred and costs. Id. at 82. Respondent filed a response on February 8, 2024, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot., filed Feb. 8, 2024, at 2 (ECF No. 87). The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of her counsel: for Mr. David Carney, $325.00 per hour for work performed in 2019, $350.00 per hour for work performed in 2020, $375.00 per hour for work performed in 2021, $400.00 per hour for work performed in 2022, $425.00 per hour for work performed in 2023, and $450.00 per hour for work performed in 2024; for Mr. Adam Green, $400.00 per hour for work performed in 2020 and 2021 and $425.00 per hour for work performed in 2022 and 2023; and for Mr. Evan Baker, $200.00 per hour for work performed in 2023. Petitioner also requests rates between $145.00 and $175.00 for work of her counsel's paralegals and law clerk performed from 2019 to 2023.

Petitioner also requests $350.00 per hour for work performed by her previous counsel, Kate G. Westad, at Larkin Hoffman in 2018 and 2019 and $125.00 per hour for work performed by paralegals. Additionally, for work performed at SiebenCarey, Petitioner requests the following: for Ms. Westad, $350.00 per hour for work performed in 2019 and 2020; and for the paralegal, $140.00 per hour for work performed in 2019 and 2020.

The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein. The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award them in full. Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.

Therefore, the undersigned finds no cause to reduce the requested hours or rates, or the requested costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards:**

**(1) A lump sum in the amount of $67,451.54, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. David Carney.**

**(2) A lump sum in the amount of $3,867.00, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's previous counsel, Larkin Hoffman Law Firm.**

**(3) A lump sum in the amount of $1,785.00, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's previous counsel, SiebenCarey P.A.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.